**Hilary H. BATTLE, Plaintiff,**

v.

**The NATIONAL CITY BANK OF CLEVELAND, Defendant.**

No. C 73–605.

United States District Court,
N. D. Ohio, E. D.

Sept. 25, 1973.

James Kenneth Sheehan, Cleveland Heights, Ohio, for plaintiff.

Robert J. Hoerner, Jones, Day, Cockley, & Reavis, Cleveland, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This is an action in which plaintiff, on behalf of himself and others similarly situated, seeks injunctive relief and damages against defendant for alleged violations of rights secured under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq., and under 42 U.S.C. § 1981 and § 1982.

Defendant has filed a motion, pursuant to Rule 12(b) F.R.Civ.P., to dismiss plaintiff's complaint. In support of this motion, defendant advances three contentions. First, defendant argues that plaintiff's complaint, insofar as it sets forth a claim under Title VII, must be dismissed for untimeliness.[1] Second, it is asserted that plaintiff's complaint fails to set forth a claim for relief under 42 U.S.C. § 1981. Lastly, defendant maintains that even if the Court construes plaintiff's complaint as stating a cause of action under Section 1981, it should dismiss the complaint with leave to file an amended complaint limited to plaintiff's alleged Section 1981 claim.[2]

---

1. Because matters outside the pleadings have been submitted to and not excluded by the Court relating to plaintiff's Title VII claim, defendant's motion to dismiss, insofar as it concerns plaintiff's Title VII claim, is treated as a motion for summary judgment. *See* Rule 12(b), F.R.Civ.P.

2. In filing its motion to dismiss plaintiff's complaint, defendant made no objection to plaintiff's allegations setting forth a cause of action under 42 U.S.C. § 1982. The Court has difficulty perceiving the applicability of this statute to the subject matter of this case. Being unchallenged, however, it

The chronology of events preceding plaintiff's filing of this suit, as derived from plaintiff's complaint and the exhibits accompanying defendant's motion to dismiss, appears to be substantially undisputed. Plaintiff filed a timely and proper charge before the Equal Employment Opportunity Commission (EEOC) alleging that defendant had engaged in discriminatory employment practices. On February 15, 1973, plaintiff received a right to sue notice from the EEOC in accordance with 42 U.S.C. § 2000e–5(f)(1).[3] This notice informed plaintiff that he could institute a civil action in federal court within ninety days of receipt of the notice. On February 21, 1973, plaintiff filed with the Clerk of this Court an application for appointment of counsel, and authorization to commence suit without prepayment of costs, fees, and security. By order entered March 13, 1973, Judge Thomas appointed plaintiff's present attorney and further provided *inter alia* that "counsel shall review the allegations made in the application and shall file a complaint in this matter within thirty days of the entry of this order." Plaintiff's complaint, however, was not filed until June 13, 1973.

■ Defendant points out that no matter how the time is computed, plaintiff's complaint under Title VII of the Civil Rights Act of 1964 is time barred. With this the Court is in accord. *See* Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir. 1972); Harris v. National Tea Co., 454 F.2d 307, 312 (7th Cir. 1971). Indeed plaintiff, himself, in his papers opposing defendant's motion to dismiss, explicitly admits as much. Plaintiff, however, argues that he still has a timely action under 42 U.S.C. § 1981, which he asserts has in no way been affected by any passage of

any statute of limitations related to his Title VII claim.

■■ It seems well established that Section 1981 affords a parallel, but substantially independent and distinct remedy for private discrimination in employment from that conferred by Title VII. *See* Young v. International Telephone & Telegraph Co., 438 F.2d 757, 758–760 (3d Cir. 1971); Sanders v. Dobbs Houses, Inc., 431 F.2d 1097, 1099–1100 (5th Cir. 1970), cert. den., 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971); Waters v. Wisconsin Steel Works of International Harvester Co., 427 F.2d 476, 481–485 (7th Cir. 1970), cert. den., 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970); Brady v. Bristol-Meyers, Inc., 459 F.2d 621, 622–624 (8th Cir. 1972). Additionally, it would appear that actions brought under Section 1981 are not precluded by failure to comply with the ninety-day limitations period applicable to Title VII, particularly when the administrative remedies for private employment discrimination provided for under Title VII have been exhausted. *See E. g.* Sanders v. Dobbs, *supra*; Young v. International Telephone and Telegraph Co., *supra*; Brady v. Bristol-Meyers, Inc., *supra*; Rice v. Chrysler Corp., 327 F.Supp. 80 (D.C.Mich.1971). Defendant does not seem to contest this. It argues, however, that plaintiff's complaint may not be fairly read as stating a claim under Section 1981.

■ While plaintiff's complaint is not artfully drawn, it clearly does set forth a claim not only under Title VII, but also under Section 1981. The complaint expressly invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, and specifically states that "[t]he suit is also authorized under Title 42 USC, Section 1981. . . ." A fair reading of plaintiff's complaint, there-

remains an asserted cause of action in this suit.

3. In his complaint, plaintiff has alleged that he received the right to sue notice on February 21, 1971. The notice itself, however, shows on its face that it was dated February 12, 1973, and defendant has submitted as

an exhibit a copy of the return receipt plaintiff signed upon delivery of the notice and this return receipt is dated February 15, 1973. This dispute, however, is not material herein as no matter which date is used to compute plaintiff's limitations period, the filing of his complaint was untimely.

fore, leads to the conclusion that this action was commenced not only under Title VII, but also under Section 1981.

Defendant maintains in the alternative, however, that even if plaintiff's complaint is read by the Court to advance a cause of action under Section 1981, it should nevertheless be dismissed with leave to file an amended complaint limited to plaintiff's alleged Section 1981 claim. Defendant argues that plaintiff's complaint, if construed as being properly before the Court only as to its Section 1981 allegations, contains much "prejudicial and irrelevant surplusage," which can only be effectively stricken from the complaint by dismissal with leave to file an amended complaint. In essence, defendant seeks to strike from plaintiff's complaint all allegations relating to plaintiff's untimely Title VII claim, including those which state that plaintiff had exhausted his administrative remedies under Title VII before instituting this present suit. Defendant's alternative motion to dismiss plaintiff's Section 1981 claim accordingly will be treated by this Court as a motion to strike pursuant to Rule 12(f), F.R.Civ. P.

▮▮ Ordinarily an entire pleading should not be stricken, but only those portions, if any, which are objectionable. *See* 2A Moore's Federal Practice ¶ 12.-21. Likewise, matter should not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. Brown & Williamson Tobacco Co. v. United States, 201 F.2d 819 (6th Cir. 1953).

▮ The Court notes that while a number of circuits have held that exhaustion of administrative remedies under Title VII is not a jurisdictional prerequisite for the maintenance of an action under Section 1981, *see e. g.* Young v. International Telephone and Telegraph Co., *supra*; Caldwell v. National Brewery Co., 443 F.2d 1044 (5th Cir. 1971), cert. den., 405 U.S. 916, 92 S.Ct. 931, 30 L.Ed.2d 785 (1972); Brady v. Bristol-

Meyers, Inc., *supra*, this issue does not appear to have yet been squarely faced by the Sixth Circuit Court of Appeals. In Waters v. Wisconsin Steel Works of International Harvester Co., *supra*, 427 F.2d at 487, moreover, the Seventh Circuit held that an aggrieved party may proceed directly under Section 1981 only if he has first exhausted his EEOC administrative remedies, or has pleaded a reasonable excuse for his failure to exhaust these remedies. In consequence, this Court cannot say, in the circumstances of this case, that the allegations in plaintiff's complaint relative to his untimely Title VII action have no possible bearing on the subject matter of his litigation under Section 1981. These allegations, in any event, are not prejudicial to defendant in any way.

Accordingly, defendant's motion to dismiss plaintiff's complaint insofar as it sets forth a claim under Title VII is granted. Defendant's motion to dismiss plaintiff's claim under 42 U.S.C. § 1981 is denied.

It is so ordered.