Narcisse **BATISTE** et al., Plaintiffs-Appellants, Cross Appellees,

v.

**FURNCO CONSTRUCTION CORPORATION**, Defendant-Appellee, Cross Appellant.

Nos. 73–1255 and 73–1256.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1973.

Decided Sept. 19, 1974.

Judson H. Miner, Chicago, Ill., for Narcisse Batiste.

Joel H. Kaplan, Chicago, Ill., for Furnco Const.

Before CLARK, Associate Justice,* CASTLE, Senior Circuit Judge, and GRANT, Senior District Judge.**

GRANT, Senior District Judge.

Both the plaintiffs and the defendant have appealed from an order of the district court which held this cause to be a class action, allowed the addition of a

---

* Associate Justice Tom C. Clark of the Supreme Court of the United States (Retired) is sitting by designation.

** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

named plaintiff and granted summary judgment for plaintiffs while denying them all relief other than Four Hundred Dollars ($400.00) in attorney's fees.

Plaintiffs brought this action pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq., alleging that plaintiffs, who are Negro bricklayers, were denied employment by Defendant Furnco Construction Corporation because of their race. They requested that the cause be treated as a class action and they sought injunctive relief as well as back pay and attorney's fees.

After they had been denied employment in 1969, plaintiffs had filed timely complaints with the Illinois Fair Employment Practices Commission (F.E.P.C.), and the federal Equal Employment Opportunity Commission (E.E.O.C.). Extensive hearings were held before a hearing examiner of the F.E.P.C. who issued a recommendation on February 3, 1971, that the complaints be dismissed. On February 8, 1971, the E.E.O.C. advised plaintiffs of their right to file suit in the appropriate federal District Court, and plaintiffs then instituted this action. Defendant Furnco Construction Corporation filed a motion for summary judgment alleging that plaintiffs' action was barred by the doctrine of election of remedies. Plaintiffs filed their motion for summary judgment and an application for leave to add an additional party-plaintiff, Sylvester Williams, who had participated in the action before the F. E.P.C. and the E.E.O.C., but who had not been named in the original complaint.

Meanwhile, on August 26, 1971, the Illinois Fair Employment Practices Commission rejected the hearing examiner's recommendation and entered an order directing the defendant to cease and desist the unfair labor practices complained of, and to offer to employ the plaintiffs as bricklayers on the next job defendant performed in Illinois. Finally, the Commission awarded lost wages to the plaintiffs. Defendant appealed this order to the appropriate State Circuit Court (where the cause is still pending), thus staying the order of the Commission.

On October 30, 1972, the U. S. District Court issued a "Memorandum Opinion and Judgment Order" in the instant cause of action. See Batiste v. Furnco Construction Corporation, 350 F.Supp. 10 (N.D.Ill.1972). The district court granted plaintiffs leave to proceed as a class, representing all who are or might become victims of defendant's racially discriminatory employment practices, and granted plaintiffs leave to add Sylvester Williams as a party-plaintiff in this action. Furthermore, relying on the determination of the Illinois Fair Employment Practices Commission, the court granted plaintiff's motion for summary judgment on their complaint, but limited recovery to the only relief that the F.E.P.C. had not granted plaintiff, namely, attorney's fees. Thereafter, plaintiffs submitted a verified petition requesting $12,987.00 for 288.6 hours spent on the federal court action. The court awarded plaintiffs $400.00 in attorney's fees, noting that plaintiffs' request was clearly excessive. Thereafter, both parties instituted appeals from the district court's ruling.

This court is presented with many issues in this action. First, both parties have challenged the district court's award of summary judgment. Defendant asserts that plaintiffs were not entitled to summary judgment, while plaintiffs contend that once the court granted summary judgment it should not have limited recovery to attorney's fees, but provided the injunctive relief and back pay requested.

In this appeal defendant asserts that the doctrines of election of remedies, res judicata and full faith and credit, bar plaintiffs from bringing their action to federal court after the F.E.P.C. adjudicated plaintiffs' claims. Although plaintiffs were required by 42 U.S.C. § 2000e–5(c) to first present their claims to the appropriate state authority for 60 days, defendant argues that by continu-

ing to allow the state authority to adjudicate the action instead of removing it at the end of the 60-day period, plaintiffs have elected their remedy and are barred from bringing their action to the federal courts. Noting that the F.E.P.C. is afforded res judicata by the Illinois courts, defendant contends that the federal courts should give the Commission's decision full faith and credit whether it had been favorable or unfavorable to plaintiffs or whether or not it might later be reversed.

■ We must agree with the ruling in Cooper v. Philip Morris, Inc., 464 F.2d 9 (6th Cir. 1972) where the court squarely rejected the application of the doctrines of election of remedies and res judicata to Title VII actions where plaintiffs had litigated their charges to final adjudication in state proceedings. There is a strong Congressional policy that plaintiffs not be deprived of their right to resort to the federal courts for adjudication of their federal claims under Title VII. Recently, Congress amended Title VII to explicitly provide that:

> In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the [deferral] provisions of subsections (c) and (d). 42 U.S.C. § 2000e-5(b), as amended by Pub.L. 92-261; 86 Stat. 103 (1972).

While this provision is addressed to the E.E.O.C. rather than the courts, it is strongly indicative of the Congressional policy that final responsibility for the administration of Title VII rests within the federal system.[1] See Cooper, supra, 464 F.2d at 12. It is also apparent that if federal actions are barred by the application of election of remedies and res

judicata, then the statutory scheme of deferral to state proceedings will be frustrated by requiring that the plaintiff, who desired to bring an action in federal court, first commence state proceedings but abandon them quickly before an adjudication is made.

■ Defendant also argues that full faith and credit should be afforded to the state determination, thus barring the subsequent Title VII action in federal court. Defendant asserts that the courts have never considered this question before. However, full faith and credit implemented by federal statute (28 U.S.C. § 1738) is the means by which state adjudications are made res judicata. Lynne Carol Fashions, Inc. v. Cranston Print Works Co., 453 F.2d 1177, 1184 (3rd Cir. 1972). And "other well-defined federal policies, statutory or constitutional, may compete with those policies underlying section 1738." American Mannex Corporation v. Rozands, 462 F.2d 688, 690 (5th Cir. 1972), cert. den., 409 U.S. 1040, 93 S.Ct. 524, 34 L.Ed.2d 489. It has beeen determined that the Congressional policies embodied in Title VII require that res judicata not be applied to state adjudications. Cooper, supra; Voutsis v. Union Carbide Corporation, 452 F.2d 889 (2nd Cir. 1971) and Young v. South Side Packing Company, 369 F.Supp. 59 (E.D.Wis.1973).

This Circuit has noted that where procedures for dual or parallel remedies are provided, duplicative relief must be avoided to the extent that there be no unjust enrichment. Bowe v. Colgate-Palmolive Company, 416 F.2d 711, 715 (7th Cir. 1969). Clearly, the federal court action need not be barred in order to prevent duplicative monetary awards, should a plaintiff prevail in both federal and state actions, since the district court is capable of fashioning relief which could preclude an unjust enrichment or

---

1. It would be meaningless for Congress to set up standards for E. E. O. C. examination of cases after determinations were made in state proceedings if Congress intended that those cases be barred from consideration in federal court. The E. E. O. C., which lacks enforcement power, would be attempting to mediate with defendants who were already protected from any further legal action.

windfall. Lopez v. State Foundry & Machine, Inc., 336 F.Supp. 34, 37 (E.D. Wis.1972).[2] Accordingly, we find that the fact that final judgment was issued in the state proceedings does not bar this action nor deprive plaintiffs of their right to relief in federal court.

█ However, the district court erred in entering summary judgment for the plaintiffs. It is evident from the record and the district court's opinion that it merely accepted the ruling of Illinois Fair Employment Practices Commission and it did not attempt to make its own determination. While a defendant can be required to defend again, it cannot be forced to accept the prior findings, and the federal court must conduct its own inquiry. *Young, supra,* 369 F.Supp. at 61. If, as the district court noted, the parties did not desire to present the evidence again, the prior state record could have been introduced and stipulated as containing all the pertinent evidence and the court could have based its determination on that evidence without a new trial; however, the court was required to examine that evidence and make its own findings.

██ Next, defendant challenges the district court's determination that this cause should be treated as a class action and that Sylvester Williams could be added as a party-plaintiff. Plaintiffs sought to proceed as a class representing all Negro bricklayers who are or might ever become the victims of defendant's racially discriminatory employment practice, in order to request that the district court enjoin defendant from employing such practices in the future. As the district court noted, plaintiffs' allegations of the existence of such a class was sufficient to meet all of the requirements of Rule 23(a), F.R.Civ.P. Further, membership in such a class would not have to be limited to those individuals who had filed charges with the E.E.O.C. prior to instituting this suit. Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968). Defendant has contended that the evidence establishes that there has been no pattern of discrimination which would merit the injunctive relief plaintiffs have sought for the class. However, the district court has yet to review the evidence and, at the time that the district court makes its ruling on the cause, it can also determine to what extent relief for the class would be required. Sprogis v. United Air Lines, Inc., 444 F.2d 1194 (7th Cir. 1971).

██ The district court determined that inasmuch as this cause was a class action, Sylvester Williams could be added as a party-plaintiff. The court correctly noted the fact that his failure to join in the suit within 30 days after the E.E.O.C. issued its right-to-sue letter, as required by 42 U.S.C. § 2000e-5(e), would not bar him from joining in the class action, and that Sylvester Williams was a proper member of the class. Further, failure to commence the action within the 30-day period as required by 42 U.S.C. § 2000e-5(e) would not bar his action under 42 U.S.C. § 1981 et seq. Battle v. National City Bank of Cleveland, 364 F.Supp. 416 (N.D.Ohio 1973).

█ Plaintiffs have contended that the district court abused its discretion when it awarded plaintiff only $400.00 in attorney's fees. However, the court has held that an award of attorney's fees can only be made to a prevailing party and as a general guideline the amount of the award should be proportionate to the extent that the party has prevailed in the suit. Williams v. General Foods Corp., 492 F.2d 399 (7th Cir. 1974). In view of our reversing and remanding this action, determination of who are the prevailing parties can only be made after completion of the district court's proceedings upon remand. Accordingly, we make no comment regarding attorneys fees and reserve that judgment for further consideration.

For the foregoing reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

---

2. It should again be noted that plaintiffs have yet to achieve any relief at all.