Shirley COPPOTELLI et al., Plaintiffs,

v.

Michael J. HOWLETT et al., Defendants.

Civ. No. 753069.

United States District Court,
E. D. Illinois.

April 4, 1977.

Stuart R. Berkowitz, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., for plaintiffs.

Herman G. Bodewes and James P. Baker, Giffin, Winning, Lindner, Newkirk, Cohen, Bodewes & Narmont, Springfield, Ill., for defendants.

## ORDER

FOREMAN, District Judge:

The issue before the Court is the determination of the appropriateness of certifying this action as a class action pursuant to Fed.R.Civ.P. 23 with the class defined as follows:

(1) Incumbent and former female Driver Examiner Aides who applied for employment and were directed to the position of Driver Examiner Aides without being advised of the benefits and opportunities attendant to the position of Driver Examiner;

(2) Incumbent and former female Driver Examiner Aides who applied for

employment as Driver Examiner and were directed to the position of Driver Examiner Aides;

(3) Incumbent and former female Driver Examiner Aides who performed substantially the same duties and responsibilities as Driver Examiners but because of their job classification were paid less than Driver Examiners;

(4) Incumbent and former female Driver Examiner Aides who unsuccessfully sought promotions to better paying traditionally male positions;

(5) Incumbent and former female Driver Examiner Aides who were available and qualified for promotion to better paying traditionally male positions but were passed over in favor of males or were otherwise unsuccessful in securing those positions because of their sex; and

(6) Incumbent and former female Driver Examiner Aides who have been terminated and/or laid off from their job while male employees with less seniority have been retained.

Rule 23, Fed.R.Civ.P., pertaining to Class Actions, reads in relevant part as follows:

(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

In the Seventh Circuit it is well settled that pleadings alone may constitute a sufficient basis for determination under Rule 23(c). See *Batiste v. Furnco*, 503 F.2d 447 (7th Cir. 1973).

According to the plaintiffs' pleadings and accompanying Memorandum in Support of Certification of Class Action, the class plaintiffs purport to represent would appear to satisfy all the prerequisites of Rule 23(a).

First, plaintiffs allege that there are hundreds of potential class members spread throughout the state of Illinois. Second, there are questions of law and fact common to the class which appear to predominate over any issues affecting only individual members, e. g., whether defendants have established and maintained discriminatory job classifications, whether females are paid less than males for the same work, and whether defendants have taken any affirmative action to remedy the effects of past sex discrimination. Third, plaintiffs' claim for relief from the effects of sex based job discrimination is typical of the claims of members of the suggested class. Finally, the representative parties will fairly and adequately protect the interests of the class since the representative parties may be expected to pursue the litigation to vindicate their economic interests. In addition, there is no indication that the representatives have interests which are antagonistic to those of the proposed class.

Plaintiffs urge the court to certify the class under Fed.R.Civ.P. 23(b)(2). Defendants suggest the proper vehicle is Rule 23(b)(3).

The statute in pertinent part reads:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

. . .

While the primary relief sought in a Rule 23(b)(2) class action must be injunctive or declaratory, the rule does not exclude other relief. Back pay may also be granted. See

*Rodriguez v. Swank,* 318 F.Supp. 289 (N.D. Ill.1970), aff'd, 403 U.S. 901, 91 S.Ct. 2202, 29 L.Ed.2d 677 (1971). It appears that the primary relief sought in the instant case is injunctive and declaratory. In addition, the complaint alleges that the defendant has acted on grounds applicable to the class.

Defendants contend that *Airline Stewards and Stewardesses Association v. American Airlines,* 490 F.2d 636 (7th Cir. 1973) supports their contentions that:

> "So long as the Plaintiffs in the case at bar request relief other than that which is either declaratory in nature or injunctive and uniformly applicable to all members of the class, any certification of their class must be made in accordance with the requirements of Rule 23(b)(3)."

This appears to be a misreading of that case. The court in *Airline Stewards* was concerned that members of the class had interests which were antagonistic to each other. The designation of the action as 23(b)(3) insured that all members would receive notice of the action and that they would be allowed to "opt out" if they felt that their interests would not be sufficiently protected by the class litigation. Thus, defendants' arguments are unpersuasive and the court finds that this action is maintainable under Fed.R.Civ.P. 23(b)(2).

█ The only meritorious objection to certification raised by defendants' Memorandum in Opposition to Class Certification concerns those members of the proposed class whose claims are time barred by the statute of limitations of Title VII. The statute in pertinent part requires that:

> "[C]harge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . ."

42 U.S.C. § 2000e–5(e).

Such individuals who were barred by this statute of limitations when the suit was instituted should be excluded. Coppotelli and Deering cannot represent those who could not have filed a charge with the EEOC at the time Coppotelli and Deering filed their charges. See *Wetzel v. Liberty Mutual,* 508 F.2d 239 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679. Thus, those persons who left the employ of the Illinois Driver License Division more than 300 days prior to the filing of this case may not participate in the proposed class.

█ This conclusion does not mean, however, that those individuals who could file a grievance must do so in order to participate in the class. See *Romasanta v. United Airlines,* 537 F.2d. 915, 918 (7th Cir. 1976); *Batiste v. Furnco Const. Co.,* 503 F.2d 447, 451 (7th Cir. 1974). The statute of limitations in Title VII actions is suspended once one member of the class initiates the grievance mechanism. See *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 720 (7th Cir. 1969). Thus, any party coming within the described class, and claiming to have been a victim of the described discriminatory practices by defendant after the date this action was filed may participate as a class member whether or not administrative proceedings were instituted.

For the foregoing reasons, plaintiffs will be allowed to maintain the requested class action.

Pursuant to Fed.R.Civ.P. 23(c)(1), this order is conditional, and may be altered or amended before the decision on the merits if facts develop at some future time which indicate the criteria of Rule 23 have not been met.

IT IS SO ORDERED.