**Betty J. NICKEL et al., Plaintiffs,**

v.

**HIGHWAY INDUSTRIES, INC., and Local 786, Allied Industrial Workers of America, AFL–CIO, Defendants.**

**No. 71–C–452 W.D.**

United States District Court,
W. D. Wisconsin.

Sept. 14, 1977.

---

Charne, Glassner, Tehan, Clancy & Taitelman by Robert B. Corris and Irvin B. Charne, Milwaukee, Wis., for plaintiffs.

Quarles & Brady by Laurence E. Gooding, Jr. and Patrick W. Schmidt, Milwaukee, Wis., for Highway Industries, Inc.

Goldberg, Previant & Uelmen by Kenneth R. Loebel, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

## I.  INTRODUCTION

This case was tried to the court, sitting without a jury, on May 31, 1977. The action was filed in the western district of

Wisconsin but was tried in the eastern district of Wisconsin after a reassignment. Numerous motions were filed shortly before trial, and I reserved the rulings thereon until after the trial. One of the motions, an application by the plaintiffs for default judgment because of the failure of Highway Industries, Inc. to respond to certain interrogatories, was the subject of my decision and order dated May 18, 1977. Subsequently, the motion was withdrawn by the plaintiffs at the time of trial because the answers had, in fact, been filed.

Upon the completion of the taking of testimony in this court, a post-trial briefing schedule was adopted, and such submissions have been considered by me. The court also has the benefit of numerous stipulations that were entered into between the parties. It should also be noted that one of the defendants, International Union, Allied Industrial Workers of America, has been dismissed as a party. I find that the plaintiffs' action must be dismissed upon its merits.

## II. MOTIONS BEFORE THE COURT

Prior to trial, both of the defendants moved for dismissal and for summary judgment. The local union's motion for dismissal is based on the following grounds: (1) the judgment in the state circuit court action styled Nickel v. DILHR, Local 786, and Highway Industries, no. 136–161, is res judicata as to the plaintiffs' claims in the instant action; (2) the plaintiffs' complaint is barred by laches; (3) the complaint is barred by the 210 day statute of limitations set forth in 42 U.S.C. § 2000e–5(d); (4) the actions of the plaintiffs Linda Thomas and Dianne Keehn should be dismissed because neither filed charges with the EEOC or obtained a right-to-sue letter from that agency. The motion of the defendant Highway Industries reiterates grounds (1) and (3), above. In addition, both defendants have moved for summary judgment, contending that the material facts are undisputed and that they are entitled to judgment as a matter of law.

Because the grounds advanced for dismissal would, if sustained, preclude by resolution of the merits of this action, I will initially consider the defendants' motions to dismiss.

■ I find no merit to the movants' suggestions that res judicata bars the plaintiffs from proceeding with their title VII claims in this court. The fact that state administrative agencies have considered their claims or that such agencies' decisions were appealed to the state courts do not, in my judgment, foreclose the plaintiffs from proceeding in the federal district court. *Batiste v. Furnco Construction*, 503 F.2d 447, 450 (7th Cir. 1973), cert. denied 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 399 (1975). The movants' reliance upon *Mitchell v. National Broadcasting*, 553 F.2d 265 (2d Cir. 1977), is misplaced. That case directs that a § 1981 claim, but not a title VII claim, is subject to the doctrine of res judicata after a state agency's determination. In my opinion, *Batiste*, decided by the court of appeals for the seventh circuit, is binding in the case at bar.

Pursuant to *Batiste*, supra, the thrust of the plaintiffs' claim should be evaluated in this court, notwithstanding prior rulings by a state administrative agency or a state court.

■ The claim of laches is also asserted by the defendant local union as a ground for its demand for dismissal. While this action relates to events in 1969, the record amply demonstrates that all of the parties acquiesced in delaying the federal court action pending the rulings of the state administrative agency and the state court. It would not be equitable to permit the union now to claim that it has been prejudiced because of the delay when the record establishes an arguably valid reason for the delay and also discloses the movants' acquiescence therein.

■ The defendants have also moved for dismissal on the ground that under 42 U.S.C. § 2000e–5(d), the plaintiffs are barred from challenging as discriminatory any of the defendants' actions which oc-

curred prior to October 11, 1969. This stems from the fact that not more than 210 days must have elapsed between any alleged discriminatory action and the filing of a charge with the equal employment opportunity commission. *Moore v. Sunbeam Corporation*, 459 F.2d 811 (7th Cir. 1972). Even though the effective date of the filing of the plaintiffs' charge with the EEOC was May 10, 1970, and the plaintiffs would thus be barred from challenging as discriminatory any of the defendants' conduct prior to October 11, 1969, I find that this restriction is of limited significance because portions of the complaint aver (para. 28 and 32) discriminatory conduct relating to the application of Addendum C. The defendants are charged with having applied the addendum to the plaintiffs' detriment on or about November 21, 1969.

There would appear to be merit to the defendant union's contention that the claims of Linda Thomas and Dianne Keehn must be dismissed because they failed to file charges with the EEOC or to obtain right-to-sue letters from such agency before the commencement of this action. This facet of the union's motion must be granted.

Inasmuch as a trial has now been held, I will not treat the defendants' summary judgment motions separately, but rather will consider the arguments advanced in support of those motions in conjunction with the defendants post-trial submissions on the merits.

Local Union 786 has also moved to reopen the record so as to permit the union to add as an exhibit a notice of appeal taken by the plaintiffs from the judgment entered by the state circuit court. In my opinion, such motion should be granted.

## III. HISTORY OF THE LITIGATION

With a few major exceptions, the facts constituting the historical background of this case are not in dispute and are amply set forth in the record. Highway Industries operated a plant in Edgerton, Wisconsin, and in early 1969, it found itself unable to take care of a temporary increase in production and determined to seek additional temporary facilities. It thereupon rented space in a plant at Janesville, Wisconsin, where it previously had not functioned.

There is a significant dispute between the parties as to the date when the local union and Highway Industries first discussed the new facility in Janesville. The plaintiffs urge that this date was sometime in March, 1969, and the defendants contend that it was earlier that year, perhaps in February or even January. The date is of significance because of the parties' desire to correlate such discussions with the time when the Wisconsin state employment service (WSES) proposed the hiring of women at the Janesville facility. The latter date is also in controversy. The defendants suggest that WSES first broached the concept of hiring women at Janesville in late March or early April, 1969. There are stipulations showing that dealings on this subject occurred between WSES and Highway Industries on April 4, 1969, and April 7, 1969. On April 9, 1969, prospective employees were interviewed, and on April 14, 1969, work was commenced. Twenty-five women were hired by April 23, 1969.

On April 14, 1969, an addendum to the labor agreement was adopted between the union and Highway Industries which provided in part that:

"...  insofar as seniority rights are concerned, employees hired at Janesville, Wisconsin, will have no seniority or transfer rights at the Edgerton plant."

This addendum was ratified by the union membership on May 7, 1969, but was retroactive to April 14, 1969.

In March, 1970, complaints were filed under the Wisconsin fair employment practices law, charging that sexual discrimination was practiced in the adoption of the aforesaid addendum. After a hearing before the state agency, there was an application to the state court which resulted in a remand by the state court on February 22, 1973. A further hearing was held before an examiner on May 30, 1973, in which he found discrimination; however, this order was rejected by the state judge in a deci-

sion dated December 1, 1975, on the ground of improper administrative procedures.

Upon further remand to the state agency, the examiner rendered a decision on March 4, 1976, finding that there was no evidence of an intention to discriminate against the petitioners because of their sex. The latter decision was approved by the state agency. In a decision dated May 2, 1977, a state circuit judge, George Currie, affirmed the agency's decision that there was no intent to discriminate against the plaintiffs because of sex.

The present action was commenced on December 3, 1971, under title VII, 42 U.S.C. § 2000e.

## IV. THE MERITS

■ I have considered the evidence submitted in this case. I have also weighed the contentions of the plaintiffs in their briefs and find no substantiation for their argument that the plaintiffs were denied transfer or seniority rights because of an intention on the part of the defendants to discriminate against such plaintiffs because of their sex. I have also considered *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), and do not find that they warrant holdings in favor of these plaintiffs.

Factually, I am persuaded that the plaintiffs have not established a prima facie case of discrimination under the circumstances in which the addendum in question was created and added to the labor contract. I find there was no intent to discriminate on the part of the defendants under either the *McDonnell Douglas* or the *Griggs* test.

On the contrary, the defendants have demonstrated that although the women were denied transfer rights and seniority on November 21, 1969, both defendants, Highway Industries and Local Union 786, had a legitimate non-discriminatory reason for adopting the addendum and for denying seniority and transfer rights to the plaintiffs. I find, as did Judge Currie in his decision of May 2, 1977:

"There were two legitimate business purposes here that justified the no transfer with seniority clause in the addendum and subsequent labor contract, viz., the employees at Janesville were temporary employees and the Janesville facility was at a different location."

While there is conflicting evidence on this point in the record, I find as a fact that negotiations for the addendum were initiated between Highway Industries and the union at a time *before* it was determined that only women were going to be hired at the Janesville facility. Although the plaintiffs draw contrary conclusions from the evidence, the testimony of Mr. Doppstadt in the administrative proceedings and that of Mr. Oren in the case at bar convince me that at the time the negotiations for the addendum were started, the company intended to hire college students. It was a neutral third party, the Wisconsin state employment service, which disclosed the fact that temporary female employees would be available in ample numbers at the Janesville facility; subsequently only women were hired at Janesville.

The defendants have cogently demonstrated that discriminatory motivation played no part in either the company's or the union's decision to prepare or execute the addendum. Thus, even if the court were to find that the plaintiffs had established a prima facie case, it would also be necessary to find that the defendants had met their burden of proving by clear and convincing evidence an absence of any sex related motivations.

## V. CONCLUSION

The foregoing decision shall constitute my findings of fact and conclusions of law pursuant to Rule 52(a), Federal Rules of Civil Procedure. It follows from these findings and conclusions that the plaintiffs' action must be dismissed upon the merits.

Therefore, IT IS ORDERED that the motions of the defendants Highway Industries and Local Union 786 for dismissal dated May 27, 1977, and May 24, 1977, respective-

ly, be and hereby are denied, except that the local union's motion to dismiss the action on behalf of the plaintiffs Linda Thomas and Dianne Keehn be and hereby is granted.

IT IS ALSO ORDERED that the motion of Local Union 786 to reopen the record to permit said union to supplement the record by adding as an exhibit a notice of appeal filed by the plaintiffs from the judgment entered in the circuit court of Dane County be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the plaintiffs for default judgment as to the defendant Highway Industries for failure to submit answers to interrogatories be and hereby is dismissed.

IT IS FURTHER ORDERED that the plaintiffs' action be and hereby is dismissed on the merits, with costs.