**Golden V. TUCKER, Plaintiff,**

v.

**HARLEY DAVIDSON MOTOR COMPANY and Allied Industrial Workers of America Local 209, Defendants.**

No. 77–C–725.

United States District Court,
E. D. Wisconsin.

July 12, 1978.

Glenn E. Carr, Milwaukee, Wis., for plaintiff.

Kenneth R. Loebel, Goldberg, Previant & Uelmen, Milwaukee, Wis., for Local 209.

Robert E. Schreiber, Jr., and James R. Scott, Milwaukee, Wis., for Harley Davidson.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This case is before me on a series of motions by the defendant Harley-Davidson for dismissal of and entry of summary judgment in its favor as to the plaintiff's claims of employment discrimination.

This action was filed in 1977 by the plaintiff Golden V. Tucker against his former employer Harley-Davidson Motor Co. and the defendant union, the Allied Industrial Workers of America Local 209. The plaintiff has brought claims of employment discrimination under the Thirteenth and Fourteenth Amendments, 42 U.S.C. §§ 1981, 1983, and 1985, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The initiation of this suit followed the filing of claims of racial discrimination against Harley-Davidson in October, 1972, with the United States Equal Employment Opportunity Commission (EEOC). Following an apparent settlement of the case in November, 1972, the case lay dormant until April 10, 1975, when the case was reopened by the EEOC.

The plaintiff filed a second charge of race discrimination against the defendant dated October 9, 1975, challenging his discharge on September 10, 1975, for poor attendance. This charge was filed both with the Wisconsin Equal Rights Division and the federal EEOC; the EEOC treated this as an amendment to the original charge. The state equal rights division issued an initial determination on October 14, 1976, finding that there was no probable cause to believe that the plaintiff was in any way discriminated against because of race. The plaintiff did not request a hearing to review this initial determination. However, on January 4, 1977, the federal EEOC issued a

letter of determination finding that there was reasonable cause to believe that the plaintiff had been discriminated against because of race. A letter was issued to the plaintiff on August 17, 1977, informing him that the EEOC was not filing a civil action on his behalf and notifying him of his right to commence judicial action. The instant action was commenced by Mr. Tucker on November 10, 1977.

## I. CLAIMS UNDER THE FOURTEENTH AMENDMENT and § 1983

The defendant company has moved that the plaintiff's claims brought under the Fourteenth Amendment and 42 U.S.C. § 1983 be dismissed. The defendant points out that the prohibitions of the Fourteenth Amendment and § 1983 apply to state actions rather than private actions. *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). The plaintiff, in response, urges that since the "defendant company receives substantial income from the contracts with the state of Wisconsin and other states . . . [and] receives certain beneficial tax treatment by the state of Wisconsin," for the purposes of this action, the requisite state action has occurred.

I do not believe that the nature of the contacts between the defendant company and the state are sufficient to support the plaintiff's claim of state action. "To be regulable under constitutional standards through . . . § 1983, the very activity of a private entity which a plaintiff challenges must be supported by state action." *Driscoll v. International Union of Op. Eng., Local 139,* 484 F.2d 682, 690 (7th Cir. 1973), *cert. denied,* 415 U.S. 960, 94 S.Ct. 1490, 39 L.Ed.2d 575 (1974); *Doe v. Bellin Memorial Hospital,* 479 F.2d 756, 761 (7th Cir. 1973).

Since there is no claim that the state of Wisconsin has supported or participated in the discriminatory practices allegedly engaged in by the defendant company, the plaintiff's claims under the Fourteenth Amendment and 42 U.S.C. § 1983 should be dismissed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## II. CLAIMS UNDER 42 U.S.C. § 1985(3)

The defendant has also moved that the plaintiff's claim under 42 U.S.C. § 1985(3) be dismissed. 42 U.S.C. § 1985(3) provides in part:

"If two or more persons in any State or Territory conspire . . . for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

The defendant company argues that the complaint fails to make "any factual allegations regarding a conspiracy to interfere with the civil rights of the plaintiff." The plaintiff, in response, argues that a claim of conspiracy can be "inferred" from statements in the complaint regarding (1) the existence of a collective bargaining agreement between the defendant company and the defendant union, and (2) the alleged practice of the defendant company of sending discriminatory employment references to prospective employers which have prevented the plaintiff from gaining further employment.

After reviewing the complaint, I do not believe it contains any factual allegations which would support a claim of conspiracy. By alleging the existence of a collective bargaining agreement, the plaintiff has not thereby alleged that the union was involved in discriminatory activities. Similarly, allegations that the defendant has sent out

discriminatory employment references does not support a claim of conspiracy, especially where there is no claim that the companies receiving the references rejected the plaintiff's applications on the basis of race.

"In order to state a cause of action under the Federal Civil Rights Act a complaint must set forth more than bare unsupported conclusionary allegations in support of constitutional deprivation." *Metcalf v. Ogilvie*, 436 F.2d 361, 363 (7th Cir. 1970); *Scott v. Larson*, 58 F.R.D. 131 (E.D.Wis.1973). Therefore, I am persuaded that the plaintiff's claim under 42 U.S.C. § 1985(3) should be dismissed.

### III. THIRTEENTH AMENDMENT CLAIMS

■ The defendant company has further moved that the plaintiff's claim for relief under the Thirteenth Amendment be dismissed. The Thirteenth Amendment states in part:

"Neither slavery nor involuntary servitude, except as a punishment for [a] crime whereof the party shall have been duly convicted shall exist within the United States, or any place subject to their jurisdiction."

While the prohibitions of the Amendment have been extended beyond the literal terms "slavery" and "involuntary servitude" in the employment context, a claim under the Thirteenth Amendment cannot be sustained unless the plaintiff has no option to work elsewhere. *Pollock v. Williams*, 322 U.S. 4, 18, 64 S.Ct. 792, 88 L.Ed. 1095 (1944); *Flood v. Kuhn*, 443 F.2d 264 (2d Cir. 1971), *aff'd*, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972). There is no allegation in the complaint that the plaintiff was compelled to continue his employment with the defendant company. Therefore, I find that the plaintiff's Thirteenth Amendment claim should be dismissed.

### IV. CLAIMS UNDER 42 U.S.C. § 1981

The defendant company has further moved that the plaintiff's constitutional claims and those brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 be dismissed on the ground that they are barred by the statute of limitations. I have already indicated that I believe the constitutional claims and the statutory claims pursuant to 42 U.S.C. §§ 1983 and 1985 should be dismissed. Thus, I will deal with the defendant's statute of limitations claim only as it applies to 42 U.S.C. § 1981.

In *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court stated:

"Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Id.* at 462, 95 S.Ct. at 1721.

■ I believe that the Wisconsin Fair Employment Act, § 111.31 *et seq.*, Wis. Stats., which provides state remedies for employment discrimination is the most appropriate statute from which to draw a period of limitations for the plaintiff's claims under 42 U.S.C. § 1981. The plaintiff's cause of action under § 1981 arises out of activities that allegedly occurred between 1972 and 1975. During that period, a six year statute of limitations, pursuant to § 893.19(4), Wis.Stats., applied to causes of action brought under § 111.31. *Reaves v. Westinghouse*, 430 F.Supp. 623 (E.D.Wis. 1977); *Yanta v. Montgomery Ward & Co.*, 66 Wis.2d 53, 224 N.W.2d 389 (1974). The plaintiff's suit, filed November 8, 1977, clearly falls within six years of the time his cause of action arose.

■ The Wisconsin Fair Employment Act, however, has been amended, and effective July 1, 1977, § 111.36(1), Wis.Stats., provides that a complaint may be filed no more than 300 days after the alleged employment discrimination occurred. The defendant company argues that the plaintiff's claim under 42 U.S.C. § 1981 is barred since the suit was filed more than 300 days after Mr. Tucker's claim arose.

In my opinion, the six year statute of limitations, which was operative at the time Mr. Tucker's claim arose, should govern this action. Section 991.07, Wis.Stats. provides that a change in a statute of limitations

". . . shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run, unless in special cases in these revised statutes a different rule shall be prescribed."

Since there is no indication in the amendment to § 111.36(1) that the shorter statute of limitations is to be applied retroactively, I believe the six year limitation applies to the instant action. Therefore, the defendant company's motion to dismiss the plaintiff's claims brought under 42 U.S.C. § 1981 must be denied.

## V. CLAIMS OF DISCRIMINATORY HIRING

■ Harley-Davidson further asserts that the plaintiff lacks standing under either 42 U.S.C. § 1981 or Title VII of the Civil Rights Act of 1964 to challenge the defendant's hiring practices. To have standing to challenge discriminatory practices under Title VII, a person bringing suit must claim to be "aggrieved" by those practices. 42 U.S.C. § 2000e–5(f)(1).

Mr. Tucker admitted at his deposition that he was hired by Harley-Davidson just one week after filing an employment application and further testified that he does not feel that he was discriminated against in any way by the defendant company in the way in which he was hired. Therefore, I believe that the plaintiff has suffered no injury from the defendant's hiring practices, and pursuant to Rule 56, Federal Rules of Civil Procedure, the defendant is entitled to summary judgment on the issue of discriminatory hiring. *Causey v. Ford Motor Co.*, 516 F.2d 416 (5th Cir. 1975).

## VI. CLAIMS REGARDING RETALIATORY DISCHARGE AND DISCRIMINATION IN EMPLOYMENT REFERENCES BROUGHT UNDER TITLE VII

■ The defendant company has further moved to dismiss the Title VII claims regarding retaliatory discharge and discrimination in employment references, arguing that such claims were not included in Mr. Tucker's complaint submitted by him to the EEOC. In the complaint that Mr. Tucker filed with the EEOC concerning his dismissal, he alleged that he was discharged from employment with Harley-Davidson because of his race. I do not believe that such an allegation fairly encompasses the allegations of retaliatory discharge or discriminatory employment references. Therefore, the administrative requirement that a claim be filed with the EEOC before it can be made in federal court, 42 U.S.C. § 2000e–5(a), (b) and (e), has not been fulfilled, and the plaintiff's Title VII claims alleging retaliatory discharge and discrimination in employment must be dismissed. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

## VII. PRIVATE SETTLEMENT AS A BAR TO CERTAIN CLAIMS

■ In support of its application for summary judgment, the defendant company argues that a settlement between the company and Mr. Tucker of the claims he made to the EEOC in 1972 should act as a bar to the same claims being raised now. The plaintiff, while admitting that he signed a settlement statement, now claims that he "had no knowledge of what he was signing at the time" and also claims that the company did not carry out its part of the settlement agreement.

There thus appears to be a dispute as to the material facts on this issue. I am therefore persuaded that the defendant company's motion for summary judgment as to those claims allegedly previously settled should be denied.

## VIII. RES JUDICATA EFFECT OF THE PREVIOUS STATE AGENCY RULING

■ On October 14, 1976, a decision was issued by an equal rights officer of the state equal rights division to the effect that

there was no probable cause to believe that the plaintiff was discriminated against because of his race regarding his discharge by the defendant company. This decision became the final decision of the Wisconsin Department of Industry, Labor and Human Relations thirty-one days later, since an appeal and request for public hearing was not filed by the plaintiff.

The defendant company now argues that the aforesaid decision of the Wisconsin Department of Industry, Labor and Human Relations precludes the plaintiff from pursuing his claim of discriminatory dismissal pursuant to Title VII and 42 U.S.C. § 1981. In *Batiste v. Furnco Construction Corp.*, 503 F.2d 447 (7th Cir. 1973), the court held that the findings of state courts or administrative bodies are not entitled to res judicata effects in Title VII cases:

> "There is a strong Congressional policy that plaintiffs not be deprived of their right to resort to the federal courts for adjudication of their federal claims under Title VII . . . [i]f federal actions are barred by the application of election of remedies and res judicata, then the statutory scheme of deferral to state proceedings will be frustrated by requiring that the plaintiff, who desired to bring an action in federal court, first commence state proceedings but abandon them quickly before an adjudication is made." *Id.* at 450.

For similar reasons, I find that the state administrative finding should not be a bar to the plaintiff's claim under 42 U.S.C. § 1981. Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Express Agency*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). The passage of Title VII was not meant to preclude actions under § 1981. *Id.* at 460–61, 95 S.Ct. 1716. If the court were to allow state administrative procedures which are mandatory under Title VII to have res judicata effect on § 1981 actions, litigants would, in effect, be forced to choose between pursuing their case under Title VII or § 1981. I do not believe such a

result was Congress' intent, since the two statutes were meant to "augment each other." *Id.* at 459; H.R.Rep. No. 92–238, p. 19 (1971), U.S.Code Cong. & Admin. News 1972, p. 2137.

Harley-Davidson argues that *Mitchell v. National Broadcasting Co.*, 553 F.2d 265 (2nd Cir. 1977), supports its view that the state administrative decision in this case should have res judicata effect on the plaintiff's § 1981 claim. However, the court in *Mitchell* noted explicitly that it was applying res judicata to the plaintiff's claims in that case because the plaintiff went beyond the Title VII administrative exhaustion requirement and litigated his employment claims in state court. In the case at bar, Mr. Tucker did not pursue his claim beyond the administrative agency.

Therefore, I believe that the defendant's motion for summary judgment on the issue of discriminatory discharge on the ground of res judicata should be denied.

## IX. CLAIMS FOR PUNITIVE DAMAGES and DAMAGES FOR EMOTIONAL DISTRESS

■ The defendant Harley-Davidson has additionally moved to dismiss the plaintiff's demand for punitive damages and his claim for damages based on mental distress. Punitive damages are inappropriate under Title VII. *Richerson v. Jones*, 551 F.2d 918 (3rd Cir. 1977); *Pearson v. Western Electric Co.*, 542 F.2d 1150 (10th Cir. 1976).

■ However, the plaintiff has also brought his claim under 42 U.S.C. § 1981. In *Johnson v. Railway Express Agency*, 421 U.S. 454, 461, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), the Court held that "the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct and independent." The Court emphasized that an aggrieved individual "is not limited to Title VII in his search for relief" and that "[a]n individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." *Id.* at 459–60, 95 S.Ct. at 1720.

Thus, I believe it would be inappropriate to dismiss the plaintiff's claims for punitive damages and relief for mental distress at this time. *Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876 (8th Cir. 1977); *McCray v. Standard Oil Co.,* 76 F.R.D. 490 (N.D.Ill.1977). Therefore, the motion of the defendant Harley-Davidson to dismiss the claims for punitive damages and damage due to mental distress must be denied.

## X. JURY TRIAL DEMAND

 Harley-Davidson has further moved that the plaintiff's jury demand be stricken. Claims brought under Title VII are equitable in nature and while an award of back pay may result therefrom, this alone does not transform an equitable proceeding into a legal one. Thus, the circuit courts of appeal that have addressed this issue have held that Title VII does not give rise to the right to trial by jury. *Slack v. Havens,* 522 F.2d 1091 (9th Cir. 1975); *EEOC v. Detroit Edison,* 515 F.2d 301 (6th Cir. 1975), *vacated on other grounds* 431 U.S. 951, 97 S.Ct. 2669, 53 L.Ed.2d 267 (1977); *Johnson v. Georgia Highway Express,* 417 F.2d 1122 (5th Cir. 1969).

In the present case, however, the plaintiff seeks compensatory and punitive damages under § 1981 in addition to Title VII equitable remedies. Section 1981 authorizes that form of legal relief. *Johnson v. Railway Express Agency, Inc., supra.* If a statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law, the right to a jury trial attaches. If the legal claims are joined with equitable claims, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact. *Curtis v. Loether,* 415 U.S. 189, 194, 196, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Therefore, the defendant's motion to strike the plaintiff's jury demand will be denied.

## XI. CONCLUSION

Therefore, IT IS ORDERED that the motion of the defendant Harley-Davidson to dismiss the plaintiff's claims brought under the Thirteenth and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985 be and hereby is granted.

IT IS ALSO ORDERED that the motion of the defendant Harley-Davidson to dismiss the plaintiff's claims brought under 42 U.S.C. § 1981 be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendant Harley-Davidson for summary judgment on the issue of discriminatory hiring be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Harley-Davidson to dismiss the plaintiff's claim of retaliatory discharge and discrimination in employment references be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Harley-Davidson for summary judgment on those issues which may have been the subject of a previous settlement be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendant Harley-Davidson for summary judgment on the issue of discriminatory discharge be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendant Harley-Davidson for dismissal of the claims for punitive damages and damages due to mental distress be and hereby is denied.

IT IS FURTHER ORDERED that the motion of the defendant Harley-Davidson to strike the plaintiff's demand for a jury trial be and hereby is denied.