457 F.Supp. 393 (1978)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
CONTOUR CHAIR LOUNGE COMPANY, INCORPORATED, Defendant.
No. 77-819C(3).
United States District Court, E. D. Missouri, E. D.
September 28, 1978.
James R. Neely, Jr., Senior Trial Atty., E. E. O. C., Chicago, Ill., Gretchen D. Huston, E. E. O. C., St. Louis, Mo., for plaintiff.
William B. Smith, III, Dubail, Judge, Kilker & Maier, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Equal Employment Opportunity Commission brought this suit, pursuant to 42 U.S.C. § 2000e et seq. alleging breach of conciliation agreement. Defendant counterclaimed, asserting that the conciliation agreement was unenforceable.
This cause was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, the stipulations of the parties and being otherwise fully advised in the premises hereby makes the following findings of fact and conclusion of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1. Plaintiff Equal Employment Opportunity Commission [EEOC] is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended. Defendant Contour Chair Lounge Company, Inc. is a corporation doing business within the state of Missouri and is an employer engaged in an *394 industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b), (g) and (h).
2. On December 13, 1972, June 13, 1973 and November 2, 1973, Lonnie Anderson, a black male employee of defendant, filed charges against defendant with the St. Louis District Office of the EEOC. On January 28, 1974, the EEOC issued a determination letter based upon the charges; said determination letter was received by defendant on January 29, 1974. On June 24, 1975, a conciliation agreement was executed by the charging party, Lonnie Anderson, plaintiff and defendant. On August 19, 1975, plaintiff and defendant executed an addendum to the conciliation agreement, which extended the same to August 19, 1977.
3. All provisions of the conciliation agreement which concerned the charging party have been met and fulfilled by defendant.
4. The conciliation agreement provided in part:
A. Respondent agrees to use its best efforts to increase its Black utilization rate by hiring one Black for each of its new White employees for the period of this Agreement.
B. Respondent agrees to use its best efforts to increase the Black distribution rate in job classifications to which such persons have not been assigned or in which they are statistically underrepresented.
C. Respondent agrees to use its best efforts to hire a Black person into the Sewing and Office Departments.
. . . . .
A. Each six months for a period of two years following the date of this Agreement, Respondent Company agrees to send to the Equal Employment Opportunity Commission, 1015 Locust Street, Room 917, St. Louis, Missouri 63101, the following information:
1. List of those discharged including name, race, sex, and from what job and pay.
2. List of those hired, including name, race, sex, and to what job and pay.
5. When this suit was filed on July 28, 1977, defendant had not filed Appendices D and E, and had not filed a list of new hires and discharges for the period of time from January 1, 1976 through the end of the conciliation agreement and addendum thereto as required by said documents. On August 4, 1977, a list of hires and discharges was filed revealing that during the period of the conciliation agreement, defendant had hired 11 whites and 1 black.
6. On May 24, 1977, George Martin, a black male, made application for employment at defendant for a position in upholstery. He was told that there were no jobs available. Shortly thereafter, defendant hired two whites in the positions of upholsterer and cutting. Martin has worked as an upholsterer in St. Louis since 1971 and has been a member of Upholsters Local Union No. 25 since 1975. Martin has not filed charges with the EEOC.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and, the parties to this suit in accordance with 42 U.S.C. § 2000e et seq.
There is no question but that defendant has failed to comply with the terms of the conciliation agreement. The issues presented herein are whether the conciliation agreement is legally enforceable, whether the reporting period of the conciliation agreement should be extended, whether defendant is financially liable to George Martin, and the effect of defendant's collective bargaining agreement with its union.
It is the Court's conclusion that the conciliation agreement and addendum thereto are enforceable. In Weber v. Kaiser Aluminum & Chemical Corp., 563 F.2d 216 (5th Cir. 1977), the court held that "Title VII outlaws preferences for any group, minority or majority, if based on race or other impermissible classifications, but it does not outlaw preferences favoring victims of discrimination". Id. at 224. Accordingly, the court held that an affirmative action program contained in a collective *395 bargaining agreement was unlawful where there was no evidence of prior discrimination. Defendant argues herein that since it has never admitted to any discriminatory practice, the conciliation agreement and addendum are unenforceable under the holding of Weber, supra. This Court disagrees. The Weber court specifically noted that:
In United States v. Allegheny-Ludlum Industries, Inc., supra, [517 F.2d 826 (5th Cir. 1975)] which dealt with consent decrees eliminating patterns and practices of discrimination in the steel industry, this court emphasized that voluntary compliance in eliminating unfair employment practices is preferable to court action and that private settlement without litigation is the central theme of Title VII. Id. at 223.
Here, the conciliation agreement was the result of a discrimination charge filed against defendant. It was entered into by defendant and the governmental agency charged with the responsibility of administering Title VII of the Civil Rights Act of 1964, as amended. Were defendant's argument to be adopted herein, it would mean that the conciliatory powers granted to the EEOC by Congress, see 42 U.S.C. § 2000e-5, would be meaningless since only the courts could order affirmative action. Thus, the Court concludes that the EEOC has the authority to enter into such conciliation agreements and that such agreements are enforceable herein. The Court further concludes that an extension of the reporting period is warranted herein to ensure defendant's compliance with the conciliation agreement.
The Court agrees with defendant that the claim of George Martin can not be sustained herein. Irrespective of the merits of his claim, the evidence was clear that Martin had not filed a charge of discrimination with the EEOC. In a class action proceeding, there is no requirement that class members all file charges with the EEOC. Bowe v. Colgate-Palmolive Company, 416 F.2d 711 (7th Cir. 1969); Batiste v. Furnco Construction Corporation, 503 F.2d 447 (7th Cir. 1974). It is also true that the EEOC may expand, at the discretion of the trial court, an existing suit to include "other incidents of employment discrimination discovered in its investigation". Equal Employment Opportunity Commission v. Continental Oil, 548 F.2d 884, 890 (10th Cir. 1977). The only requirement is that "a finding of reasonable cause is made and conciliation is attempted as to the additional acts". Id. at 889. There was no charge filed by Martin, no finding of reasonable cause was made, and no conciliation efforts were attempted. Under such circumstances, the Court concludes that plaintiff may not assert a claim on behalf of Martin in these proceedings.
Defendant has also argued that the affirmative action provisions of the conciliation agreement and addendum conflict with the seniority provisions of its collective bargaining agreement. The evidence failed to establish that the seniority provisions were not bona fide. Accordingly, the Court concludes that the seniority provisions of the collective bargaining must take precedence over the affirmative action provisions of the conciliation agreement. Southbridge Plastics Division, etc. v. Local 759, etc., 565 F.2d 913 (5th Cir. 1978). This does not mean that the affirmative action provisions of the conciliation agreement are of no force and effect; it simply means that when an opening is not filled in accordance with the seniority provisions of the collective bargaining agreement, the conciliation agreement and addendum thereto shall prevail.
Judgment shall be entered accordingly.