**George Lee YOUNG, Plaintiff,**

v.

**SOUTH SIDE PACKING COMPANY, a Wisconsin corporation, Defendant.**

**No. 72–C–522.**

United States District Court, E. D. Wisconsin.

Dec. 17, 1973.

Richard J. Steinberg, Milwaukee, Wis., for plaintiff.

Ralph J. Jeka, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

■ This action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The plaintiff has moved for summary judgment. No affidavits have been filed by the defendant, therefore the motion must be resolved on the basis of the plaintiff's verified complaint and affidavit and the defendant's answer. Rule 56, Federal Rules of Civil Procedure.

■ The plaintiff's employment with the defendant was terminated on September 29, 1969. It is alleged in the complaint and stated in the plaintiff's affidavit that the termination came about as the result of racial discrimination. In both instances, however, the plaintiff's charge is stated in conclusory terms. While conclusory allegations of this type may satisfy the pleading requirements of Rule 8(a), Federal Rules of Civil Procedure, they are insufficient, at least when countered by a general denial, as is the case here, to constitute established fact. 6 Moore's Federal Practice 56.11 [1.–2], at 2145.

It is contended by the plaintiff, however, that the factual issue of unlawful discrimination has previously been determined in the plaintiff's favor in state proceedings and is now res judicata. It follows, the argument continues, that there is no factual issue remaining before this court and, this court's jurisdiction having been properly invoked, that the plaintiff is entitled to judgment.

The defendant argues that the plaintiff elected to seek a state remedy, was successful, and is now precluded from proceeding in federal court. Thus, the defendant appears to agree that the principle of res judicata applies. While the plaintiff is actually seeking to apply the collateral estoppel rule to one factual issue, however, the defendant is attempting to bar the entire action.

The reason the action is being pursued in this court is that the plaintiff wants to recover back pay. His state administrative action resulted in an order that he be reinstated and that his seniority be restored. That ruling was affirmed by a state circuit court. Payment of back wages was not ordered, however; apparently this was because of a lack of authority in the state's industrial commission to make such an award. See Murphy v. Industrial Commission, 37 Wis.2d 704, 155 N.W.2d 545, 157 N.W.2d 568 (1968). The demand for back pay in the instant action is the only relief sought that was not previously granted in the state proceeding.

■ I find both parties' positions to be unpersuasive. The doctrines of collateral estoppel and res judicata do not apply here. Voutsis v. Union Carbide Corporation, 452 F.2d 889, 893 (2d Cir. 1971), cert. denied, 406 U.S. 918, 92 S. Ct. 1768, 32 L.Ed.2d 117 (1972).

"[T]he statutory enforcement scheme contemplates a resort to the federal remedy if the state machinery has proved inadequate. The federal remedy is independent and cumulative . . . and it facilitates comprehensive relief." 452 F.2d at 893.

The plaintiff is free to pursue both the federal and state remedies. He need

elect one to the preclusion of the other only after adjudication of both and where necessary to avoid duplicate relief which would unjustly enrich him. See Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir. 1969).

The plaintiff has certainly found the state remedy inadequate. While he was ordered reinstated with seniority, the defendant had ceased doing business by the time the order was effective. Thus, his only practical remedy is back pay, a remedy which apparently is unavailable in state proceedings.

■ While the defendant can be required to defend again, he cannot be forced to accept the prior findings on the factual issues. The federal court is to conduct a "full scale inquiry into the charged unlawful motivation in employment practices." Jenkins v. United Gas Corp., 400 F.2d 28, 33 (5th Cir. 1968). The plaintiff is not bound by what he believes to be an unsatisfactory state determination, and he is free to renew his claim in accordance with the federal procedures.

■ It is clear, therefore, that summary judgment would be improper in this case. The principal factual dispute—the question of the existence of racial discrimination—is a de novo issue before this court. There are other material factual issues present as well. The amount of damages has merely been alleged in a round figure, and it has been challenged by the defendant's answer. The timely filing of a complaint with the Equal Employment Opportunity Commission and the Commission's subsequent failure to conciliate have been alleged in general terms without provision of any supporting documentation or recitation of any dates. These allegations have also been disputed by the defendant and put in issue. Substantial compliance with the EEOC filing requirements is a prerequisite to this court's jurisdiction under Title VII. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed. 2d 679 (1972); Waters v. Wisconsin

Steel Works, 427 F.2d 476, 485 (7th Cir. 1970), cert. denied sub nom., United Order of American Bricklayers v. Waters, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970). Consequently, the plaintiff must prove the facts of his alleged compliance.

Therefore, it is ordered that the plaintiff's motion for summary judgment be and hereby is denied.