Barbara T. BECK, Plaintiff,

v.

Walter E. MATHER et al., Defendants.

Civ. A. No. 75–0182(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

June 10, 1976.

Sylvia Clute, Richmond, Va., for plaintiff.

Howard J. Beck, Jr., Ford, Swezey & Beck, Martinsville, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

This cause is before the court at this time to determine whether the action is appropriate to certify as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The court will also determine whether this Title VII action is foreclosed by the principles of *res judicata* because of plaintiff's decision to pursue her state contractual remedies. Finally, the court will rule upon various defenses raised by defendants.

This is a sex discrimination suit pursuant to 42 U.S.C. § 2000e *et seq.* It is based on allegations by plaintiff of continued and persistent harassment in her job as a Criminal Justice Planner with the West Piedmont Planning District Commission in Martinsville, Virginia. The alleged harassment resulted in her alleged unlawful and unjust termination of employment. This termination of employment was the subject of a breach of contract suit by plaintiff in the Circuit Court for the City of Martinsville, in which the court found plaintiff's termination of employment not to be improper, unjust or unlawful. *Beck v. West Piedmont Planning District Commission*, Case # 175–18,500 (Circuit Court for the City of Martinsville, September 23, 1975) (Exhibit A to defendants' Answer and Grounds of Defense). The above facts are the basis for defendants' Eighth Defense, asking the court to take judicial notice of the state court's findings of fact. Although the state court determination is entitled to substantial weight in making a factual determination in this court, it is now well-settled that a prior state court determination is not *res judicata* as to claims under Title VII of the Civil Rights Act of 1964. *Batiste v. Furnco Construction Corp.,* 503 F.2d 447

# 650

(7th Cir., 1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 399 (1975). Therefore, plaintiff is not barred by her lack of success in the state court from bringing this action; and this court is not bound by that court's findings of fact.

■ Plaintiff has amended her complaint to request certification of this cause as a class action. Such a decision is discretionary with this court. *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n,* 375 F.2d 648 (4th Cir., 1967). Plaintiff seeks to style this action as a sex *and race* discrimination class action. However, plaintiff is a white female alleging discrimination against blacks. Since she is not a member of the Negro race she certainly cannot represent that race in a race discrimination class action suit. *Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

■ This court has serious reservations as to whether plaintiff's request for certification of her sex discrimination suit is appropriate. The court feels that, based on the alleged facts, the class is not too numerous for joinder of all proper parties. Rule 23(a)(1), F.R.C.P. Additionally, plaintiff has made numerous allegations which do not appear common to the alleged class. Rule 23(b)(2), *supra.* In conclusion, the possible questions of law and fact common to the class do not clearly predominate over the allegations made by plaintiff; therefore, the court does not deem a class action superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23(b)(3), *supra.*

■ The court notes and finds without merit defendants' Seventh Defense relating to untimely filing of plaintiff's suit. She received her Right to Sue letter on June 8, 1975, and filed suit on Monday, September 9, 1975, the ninety-first day after her Right to Sue letter was received. Filing on Sunday, September 8, 1975, would have been impossible; and a requirement that she file on Friday, September 6, 1975, would arbitrarily shorten her ninety days within which to file suit.

■ Defendants' Fourth Defense, which alleges no jurisdiction of this court over defendants Dillon, Katenkamp, Easter, McCauley and Lintecum pursuant to 42 U.S.C. § 2000e *et seq.,* because they were not named respondents in the initial charge of discrimination filed with the E.E.O.C., has substantial merit. Title 42 U.S.C. § 2000e–5(f)(1) states: " . . . within ninety days after the giving of such notice a civil action may be brought *against the respondent named in the charge* (A) by the person claiming to be aggrieved . . . ." [Emphasis added] The Fourth Circuit has interpreted this language to mean exactly what it says. *Mickel v. South Carolina State Employment Service,* 377 F.2d 239, 241 (4th Cir., 1967), *cert. denied,* 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967). Accordingly, this court has no jurisdiction under 42 U.S.C. § 2000e *et seq.,* over defendants Dillon, Katenkamp, Easter, McCauley and Lintecum.

■ Since plaintiff also alleges jurisdiction over defendants pursuant to 42 U.S.C. §§ 1983 & 1988, defendants' Third Defense, that no claim has been stated pursuant to the cited code sections upon which relief can be granted, must be decided. Since the court can find no allegations against defendants McCauley and Lintecum achieving constitutional magnitude or indicating any state action by said defendants they are hereby dismissed from this action. However defendants Dillon, Katenkamp and Easter, as Commissioners of the West Piedmont Planning District Commission may have had some participation in the termination of plaintiff's employment, and thus a claim of constitutional magnitude against them has been stated.

■ Defendants' Fifth Defense, that the failure of the E.E.O.C. to conciliate bars plaintiff's suit, is without merit. It was not the congressional intent that actual conciliatory efforts by the Commission be a jurisdictional prerequisite to initiating court action. *Johnson v. Seaboard Air Line R. Co.,* 405 F.2d 645 (4th Cir., 1968), *cert. denied,* 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969).

The court also notes several objections to various requests or production of documents and interrogatories. Considering the rulings made in this order, the court will allow counsel to analyze their discovery problems in light of this order and attempt to reach an amicable solution to their differences. Failing that, the court will certainly resolve any remaining differences between counsel regarding discovery.