**Constance B. MARTIN**

v.

**The EASTON PUBLISHING COMPANY et al.**

Civ. A. No. 76–2899.

United States District Court,
E. D. Pennsylvania.

Oct. 17, 1979.

Stephen P. McGuire, West Chester, Pa., for plaintiff.

Roland Morris, Duane, Morris & Heckscher, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Defendants move to dismiss certain allegations contained in plaintiff's complaint, which alleges generally that defendants discriminated against her during her employment with defendant Easton Publishing Company (Easton) on the basis of sex.[1] First, defendants contend that the Court lacks subject matter jurisdiction under 42 U.S.C. § 2000e *et seq.* (Title VII) over individual defendants not named in plaintiff's EEOC complaint. In charges filed with the EEOC plaintiff specifically mentioned defendant Easton. In the space provided for "others who discriminated against you (if any)", plaintiff wrote, "With above company, I name Managing Editor Robert Jodon and Metro Editor William MacNeil (no other companies)".[2] However, when plaintiff instituted this action she also included the chairman of the board, the president (who also acted as general manager, editor and treasurer), two vice-presidents, the assistant treasurer, the family section and assistant news editors. Defendants consider this omission violative of 42 U.S.C. § 2000e–5(f)(1), which provides that after notice of Right to Sue "a civil action may be brought against the *respondent named in the charge.*" [emphasis added]

▉ Resolving the question of whether plaintiff's failure to include some of the present individual defendants in her EEOC complaint precludes proceeding against them in her present complaint requires striking the appropriate, and indeed delicate, balance between the "goal of conciliation without resort to the already overburdened federal courts" with the

> availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.

*Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). The policy considerations underlying the requirement of § 2000e–5(f)(1) and the restrictive interpretation thereof adopted by many courts contemplate the possibility of resolving disputes without the antipathies spawned by litigation and of affording the prospective defendant an opportunity to comply with the law voluntarily or to explain and justify his conduct prior to the expense and publicity of litigation. To allow plaintiff to include defendants unnamed in the EEOC complaint denies them this valuable and salutary opportunity. Therefore, holding plaintiff to this requirement is not mechanical or unthinking allegiance to legal hypertechnicalities; instead it is recognizing a basic element of the administrative remedy, "furnishing of notice to an alleged Title VII offender and . . . providing an opportunity to conciliate." *Peterson v. Lehigh Valley District Council*, 453 F.Supp. 735, 739–40 (E.D.Pa.1978). Moreover, elimination of these individual defendants will not obliterate plaintiff's prospect of recovering for the alleged sex discrimination. The principal defendant, Easton, which employed all the previously unnamed defendants, remains a viable defendant, and it is Easton which alone has the power to reinstate and otherwise make financial compensation to plaintiff.

---

1. A complete history of plaintiff's claim may be found in *Martin v. Easton Publishing Co.*, 73 F.R.D. 678 (E.D.Pa.1977).

2. Plaintiff and defendants agree that Jodon and MacNeil are appropriate defendants in this action.

Finally, the factors [3] to be considered in making this determination also point to the same conclusion for several reasons. For one, at the time plaintiff filed her complaint she was well aware of the role of the previously unnamed defendants. In fact, five days after filing her EEOC complaint she appended thereto an exegesis relating to her employment history and mentioning several of these people. For another, plaintiff has not suggested that they represented to her that their relationship to plaintiff should be through Easton.[4] If plaintiff believed this possibility, she would not have named Jodon and MacNeil in the EEOC complaint. Finally, the absence of the unnamed defendants from the EEOC proceedings may have resulted in prejudice to them, for, as noted above, they lost the opportunity to comply, explain or justify.

In *Scott v. University of Delaware*, 385 F.Supp. 937 (D.Del.1974), plaintiff named only the university in his EEOC complaint. His district court complaint, however, added members of the board of trustees and various other university officials and faculty members in their individual and official capacities. The court, dismissing the newly added defendants, declared that "[w]hile liberality in construction should be favored, minimum standards of statutory compliance are essential to avoid bypassing of the [EEOC] and the statutory emphasis on voluntary compliance and conciliation". *Id.* at 941. *See also Equal Employment Opportunity Commission v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974), *Evans v. Sheraton Park Hotel*, 164 U.S.App. D.C. 86, 503 F.2d 1877 (1974), *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir. 1969), *Miller v. International Paper Co.*, 408 F.2d 283 (5th Cir. 1969), *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4th Cir.), *cert. denied*, 389 U.S. 877, 88 S.Ct. 177, 19 L.Ed.2d 166 (1967), *Lewis v. Southeastern Pennsylvania Transportation Authority*, 440 F.Supp. 887 (E.D. Pa.1977), *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 434 F.Supp. 963 (E.D. Pa.1977), *Harris v. Commonwealth of Pennsylvania*, 419 F.Supp. 10 (M.D.Pa.1976), *Beck v. Mather*, 417 F.Supp. 648 (W.D.Va. 1976), *Harbert v. Rapp*, 415 F.Supp. 83 (W.D.Okla.1976), *Bernstein v. National Liberty International Corp.*, 407 F.Supp. 709 (E.D.Pa.1976), *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa.1976), *Jackson v. University of Pittsburgh*, 405 F.Supp. 607 (W.D.Pa.1975), *Jones v. United Gas Improvement Corp.*, 68 F.R.D. 1 (E.D.Pa.1975). Because plaintiff did not name the individual defendants other than Jodon and MacNeil, this Court lacks jurisdiction over these defendants under 42 U.S.C. § 2000e. Accordingly, defendants' motion to dismiss the defendants not named in the EEOC complaint will be granted.

Plaintiff's cause of action under § 1985(3) will also be dismissed. The deprivation of a right under Title VII cannot be the basis of a § 1985(3) claim, *Great American Federal Savings & Loan Association v. Novotny*, —— U.S. ——, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), and while § 1985(3)

does not require that a defendant act under color of state law, there still can be no claim for relief based on a violation of the Fourteenth Amendment if there has been no involvement by the State. The requirement of state action, in this context, is no more than a requirement that there be a constitutional violation.

Here, there is no claim of such a violation. Private discrimination on the basis

---

**3.** Factors which . . . the district court should look to are 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Glus v. G. C. Murphy Co.*, 562 F.2d at 888.

**4.** See item 4 in note 3.

of sex is not prohibited by the Constitution. The right to be free of sex discrimination by other private parties is a statutory right that was created almost a century after § 1985(c) was enacted. . . . [T]hat statute was [not] intended to provide a remedy for the violation of statutory rights—let alone rights created by statutes that had not yet been enacted . . . [§ 1985(3)] does not provide respondent with redress for injuries caused by private conspiracies to discriminate on the basis of sex.

*Id.* at ——, 99 S.Ct. at 2355 (Stevens, J., concurring).

 Likewise, plaintiff's claims which allege violations of the Equal Pay Act, 29 U.S.C. § 206(d), by the individual defendants will also be dismissed. On its face the Act applies only to employers and provides that

· [n]o employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . .

Plaintiff contends that the broad definition of "employer"[5] within the Act includes the individual defendants, who act as editors and managers of the newspaper. The determination of whether an employee is covered by the Act is governed by practical considerations and not technical conceptions. *Mitchell v. C. W. Vollmer & Co.,* 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196 (1955). Examination of the work relationship properly focuses on the underlying economic realities. *Goldberg v. Whitaker House Cooperative Inc.,* 366 U.S. 28, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961), *United States v. Silk,* 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757

(1947), *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). In these circumstances no claim is made that the responsible entity is not plaintiff's employer or that the culpable party can be reached only by disengaging complicated inter- or intra-corporate concatenations. Easton, undoubtedly plaintiff's employer, remains available in this action for possible redress of plaintiff's injuries. No additional relief can be obtained from the individual defendants and no purpose will be served by retaining them in the litigation for the Equal Pay Act claims. An appropriate order will be entered.

---

**5.** The Act defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).