Forrest F. McCLUNEY, Plaintiff,

v.

JOS. SCHLITZ BREWING COMPANY, Defendant.

No. 79–C–647.

United States District Court, E. D. Wisconsin.

June 8, 1981.

Charnem, Glassner, Tehan, Clancy & Taitelman by Robert E. Tehan, Jr., Milwaukee, Wis., and Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke by J. Michael Vaughan, Kansas City, Mo., for plaintiff.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Paul V. Lucke & Scott W. Hansen, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before me is the plaintiff's motion for partial summary judgment on the ground of collateral estoppel. The facts

surrounding this action are set out in detail in my decision of January 13, 1981, *McCluney v. Jos. Schlitz Brewing Co.*, 504 F.Supp. 1264 (E.D.Wis.1981), and will only be briefly discussed here.

The plaintiff alleges that he was fired by the defendant because he opposed sex discrimination on the part of the defendant. Such a dismissal would violate the provisions of 42 U.S.C. § 2000e–3(a). Prior to the commencement of this action, the plaintiff brought an action in Missouri state court asserting a claim for severance pay and alleging a violation of a Missouri employment law. The defendant removed the Missouri action to the United States district court for the western district of Missouri; on January 17, 1980, a jury returned a verdict for the plaintiff on both claims. The plaintiff now contends that the Missouri action has collateral estoppel effect on the issue of whether the "plaintiff was involuntarily discharged ('fired') from his employment with the defendant over his continued opposition to the defendant's refusal to transfer and promote plaintiff's former secretary...."

The principle of collateral estoppel can be stated quite simply: "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *citing Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979). An additional requirement is that the party against whom the earlier decision is asserted must have had a " 'full and fair opportunity' to litigate that issue in the earlier case." *Allen, supra*, —— U.S. at ——, 101 S.Ct. at 415, *citing Montana, supra*, 440 U.S. at 153, 99 S.Ct. at 974; *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–29, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971).

The *Allen* court stated the many benefits of the collateral estoppel principle:

"[R]es judicata and collateral estoppel relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen, supra*, —— U.S. at ——, 101 S.Ct. at 415, *citing Montana, supra*, 440 U.S. at 153–54, 99 S.Ct. at 973–74.

The crux of the instant motion is a determination of precisely what was determined in the Missouri action. In that case, count one of the complaint sought to recover severance pay, and count two sought damages, including punitive damages, for the alleged violation of the Missouri statute.

In his instructions to the jury, the trial judge in Missouri stated:

"You are instructed that your verdict on Count I should be in favor of the plaintiff and against the defendant if you believe:

\* \* \* \* \* \*

"Third, that the plaintiff did not voluntarily resign from the defendant's employment, and

"Fourth, that plaintiff was discharged from his employment by the defendant, and

"Fifth, that the plaintiff did not pay the plaintiff severance pay..., and

"Sixth, that the plaintiff was thereby damaged.

"Members of the jury, I instruct you that your verdict must be for the defendant unless you find and believe:

\* \* \* \* \* \*

"Third, that plaintiff did not voluntarily resign from defendant's employment, and

"Fourth, that plaintiff was discharged from his employment by the defendant." Transcript attached to the plaintiff's brief in support of the motion, p. 483, line 15, to p. 485, line 2.

As stated above, the jury found for the plaintiff on count one. It is readily apparent from the trial judge's instructions that the question of whether the plaintiff was terminated was necessary to the jury's

reaching the verdict that it did on count one. The jury also found for the plaintiff on count two; given the nature of that claim, a verdict for the plaintiff supports the conclusion that the Missouri jury found that the plaintiff did not resign from his job with Schlitz, but was fired.

The other elements necessary to apply collateral estoppel are also present. This action involves a party to the Missouri action; in fact, the parties are identical in the two cases. The present action is also a different cause of action from that litigated in Missouri.

The latter determination was crucial to my decision of January 13, 1981, in which I denied the defendant's motion for summary judgment on the ground of res judicata. In that decision, I found that the Missouri action involved causes of action based on a state statute and a common law contract claim, while the instant action is a suit based on a federal civil rights statute. *McCluney, supra,* at 1267. I also determined that the issues in the two cases were sufficiently distinct that the plaintiff was not barred from asserting this cause even though he had brought the Missouri action separately from this one. Thus I concluded that the Missouri action and this case were two separate lawsuits.

Schlitz also cannot contend that it did not have a "full and fair opportunity" to litigate the issue of termination in the Missouri case. The Missouri action was fully litigated on the merits to a jury, with the jury finding against Schlitz on all counts. The issue of termination was crucial to both counts, and I find nothing in the record to suggest that Schlitz did not fully litigate the issue of termination.

The plaintiff does not argue for collateral estoppel effect only on the issue of termination; he also argues that the Missouri action should be given collateral estoppel effect on the issue that he was terminated because he opposed the defendant's discriminatory practices. This position is inconsistent with his argument in opposition to the defendant's summary judgment motion that this action was not the same as the Missouri lawsuit. On the issue of whether the issue of sex discrimination was litigated in the Missouri action, I stated:

"I also find no basis for any argument by the defendant for collateral estoppel on the issue of sex discrimination. The trial judge in the Missouri action stated in a memorandum opinion summarizing a pretrial conference in that case: 'At the pretrial conference counsel for the parties mutually agreed that any evidence concerning the charges of sex discrimination brought by the plaintiff against the defendant is irrelevant to this action.' *McCluney v. Joseph Schlitz Brewing Co.,* at [1265] (W.D.Mo. filed December 10, 1979)." *McCluney, supra,* at 1269–70.

The plaintiff cannot have it both ways. I have found that the Missouri action did not consider the issue of the defendant's alleged sex discrimination. That finding is amply supported by the record before me, and I persist in that finding. Thus I reject the plaintiff's argument that the Missouri action should have collateral estoppel effect on the issue of the defendant's motive for firing the plaintiff.

Schlitz argues that the principle of collateral estoppel should not apply to Title VII actions "as a matter of policy." It argues that the purpose of Title VII is to provide a federal forum for certain forms of discrimination, and to apply collateral estoppel to an issue decided in another court would deny the federal forum in the Title VII action.

In *Allen,* the Supreme Court considered the collateral estoppel rule and applied it to actions brought under 42 U.S.C. § 1983. Even if the cases cited by Schlitz to support its position retain their vitality after *Allen,* they do not reach as far as Schlitz argues. "The federal court is to conduct a 'full scale inquiry into the charged unlawful motivation in employment practices.'" *Young v. Southside Packing Co.,* 369 F.Supp. 59, 61 (E.D.Wis.1973); *quoting Jenkins v. United Gas Corp.,* 400 F.2d 28, 33 (5th Cir. 1968). In *Young,* the plaintiff sought collateral estoppel effect for the factual determination by a state court that the defendant had

discriminated against the plaintiff. Thus *Young* is distinguishable from this case, as are the other cases cited by the defendant. *See Kremer v. Chemical Construction Corp.,* 464 F.Supp. 468 (S.D.N.Y.1978); *Nickel v. Highway Industries,* 441 F.Supp. 477 (E.D. Wis.1977), *Beck v. Mather,* 417 F.Supp. 648 (W.D.Va.1976).

Giving collateral estoppel effect to the determination of the Missouri jury that plaintiff was terminated does not deny the plaintiff his federal forum under Title VII, nor does it abrogate the court's duty under Title VII to conduct a "full-scale inquiry into the charged unlawful *motivation* in employment practices." The issue of the defendant's motivation in terminating the plaintiff is fully preserved in this case. Applying the principle of collateral estoppel to the issue of termination properly conserves judicial resources by foreclosing litigation regarding an issue that was fully litigated in a different cause of action involving the same party, where the issue given collateral estoppel effect was necessary to the judgment in the previous action.

To summarize, the plaintiff's motion for partial summary judgment will be granted in part and denied in part. I find that the Missouri action should be given collateral estoppel effect on the issue of whether the plaintiff was terminated; I find that the Missouri action should not be given collateral estoppel effect on the issue of the defendant's motivation for firing the plaintiff. The latter issue was not litigated in the Missouri action, but it is an issue under Title VII that this court is bound to explore fully.

Therefore, IT IS ORDERED that the plaintiff's motion for partial summary judgment be and hereby is granted in part and denied in part.

IT IS ALSO ORDERED that the plaintiff's motion for summary judgment be and hereby is granted insofar as it seeks collateral estoppel effect on the issue of whether the plaintiff was terminated.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be and hereby is denied in all other respects.