NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3666
_____

EMILY WARDLAW,
                                        Appellant

v.

CITY OF PHILADELPHIA STREET'S DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-3387
(Honorable Norma L. Shapiro)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2010

Before: SCIRICA Chief Judge, JORDAN and GREENBERG, Circuit Judges

(Filed April 29, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        This case commenced in July 2005, when Emily Wardlaw filed a one-paragraph

complaint against the City of Philadelphia Streets Department.  On Wardlaw's request,

the District Court engaged in efforts to appoint counsel for her after the defendant filed a

motion to dismiss.  After one attorney declined to represent Wardlaw, Wardlaw filed

another complaint. That complaint, against the City of Philadelphia and the Streets Department, was consolidated with her first complaint. The consolidated case was referred to several attorneys, all of whom rejected it.

Ultimately, Wardlaw filed an amended complaint in lieu of a response to the motion to dismiss, adding claims and defendants. The defendants moved to dismiss the amended complaint in part. Wardlaw did not respond to the motion, and the District Court granted it as unopposed. The District Court dismissed all claims except for those claims under the Age Discrimination in Employment Act ("ADEA") against the City of Philadelphia ("City") and the City of Philadelphia Streets Department. When Wardlaw moved for reconsideration, protesting that she did not know that she had to respond to the motion to dismiss by a certain date because she believed that her case was in administrative suspense, the District Court clarified its order. The District Court explained that, although the claims had been dismissed as unopposed, all claims but her Title VII claim would have been denied on the merits. The District Court also stated that the dismissal of the Title VII claim was without prejudice so that Wardlaw could file an amended claim once she received a right-to-sue letter from the EEOC.

As proceedings continued, Wardlaw twice requested that an attorney for the defendants be required to withdraw from the case and also called for the District Judge's recusal. The District Court denied Wardlaw's motions.

The City filed a motion for summary judgment on the remaining claim. The District Court granted the motion and entered judgment in favor of the City. Concluding

2

that the Streets Department was not a suable entity, the District Court dismissed the claims against it. Wardlaw filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]  In her briefs,[2] Wardlaw lists, as orders she challenges, the judgment entered in favor of the City as well as the other decisions described above. She also states that she would like the dismissed counts of her original complaint reinstated, the District Court judge disqualified, counsel for the City declared unethical, and the order granting summary judgment reversed.[3]  However, in her briefs, she limits her arguments to her claim of bias on the part of the District Judge. She does not present any substantive arguments about most of the District Court's decisions. Accordingly, we find all issues waived on appeal except those that we will discuss in relation to Wardlaw's challenge to the District Judge's impartiality. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Federal Rules of Appellate Procedure 28 and Local Rule 28.1); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir.

---

[1]Although the order dismissing Wardlaw's complaint in part was without prejudice, we consider it a final dismissal because any Title VII claim that she presented in her complaint would be effectively barred by the statute of limitations. See Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1155 (3d Cir. 1986).

[2]Wardlaw filed an informal brief and a supplemental brief. She also filed a motion for leave to file a second supplemental brief, which we grant. We will consider the issues she raised in the three briefs.

[3]Despite wishing the judgment reversed, she also states that she wishes that she could have made an informed decision about dropping her ADEA claim before the summary judgment stage.

3

1995) (noting that <u>pro</u> <u>se</u> litigants are not excepted from the requirement to raise and argue issues on appeal).

We review a district court's refusal to recuse for abuse of discretion. See In re Antwar 71 F.3d 97, 101 (3d Cir. 1995). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, the judge must recuse. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004). Upon review, we conclude that Wardlaw's charges of bias are without support in the record, and we hold that the District Judge was not obliged to recuse.

In large part, Wardlaw bases her claim of bias on her dissatisfaction with decisions that the District Court made. However, such dissatisfaction – in this case, not only with rulings against her[4] but also with efforts to help her, such as the District Court's effort to provide her with a guardian *ad litem* – is not a basis for recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Also, a reasonable person would not question the District Judge's impartiality based on Wardlaw's claim that the judge ignored her when Wardlaw asked if she could drop her ADEA claim. The record, which includes examples of the District Court's attempts to find counsel for

---

[4]To the extent that Wardlaw independently challenges the District Court's decision to allow defense counsel to remain in the case, we find no error. In the District Court, to support her request for defense counsel's withdrawal, Wardlaw presented general unsubstantiated allegations of unethical behavior plus one allusion to a discovery dispute (stating that her case had been "compromised" and giving the example "discovery receiving").

4

Wardlaw and orders granting extensions of time, among other things, does not support Wardlaw's claim that she was "drug through the process."

After the parties' initial briefs were filed, Wardlaw requested that we appoint counsel for her on appeal. We deny her motion. Even if we were to look beyond her waiver of most of the issues on appeal, we would conclude that an appeal from the other underlying orders would be without merit for the reasons that follow. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

The District Court did not err in granting the motion to dismiss the amended complaint.[5] Wardlaw's claims were not actionable against the individual defendants. See, e.g., Sheridan v. E.I. Dupont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (holding that there is no individual liability under Title VII); Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002) (noting that there appears to be no individual liability for damages under Title I of the Americans with Disabilities Act ("ADA")); see also Martin v. Easton Publishing Co., 478 F. Supp. 796, 799 (E.D. Pa. 1979) (describing the limits of relief from individual defendants under the Equal Pay Act).

Moreover, Wardlaw failed to state a *prima facie* claim under the ADA. Although she alleged that work stress aggravated her diabetes and high blood pressure, she did not

---

[5]Although the District Court initially granted the motion as unopposed, we would conclude that there was no violation of our directive in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), under the circumstances of this case. We note that the District Court subsequently reviewed Wardlaw's claims and rejected them on the merits in ruling on Wardlaw's motion for reconsideration.

5

allege that she had, or was viewed as having, an impairment of a major life activity, <u>see</u> <u>Toyota Motor Mfg., Kentucky, Inc. v. Williams</u>, 534 U.S. 184, 194-96 (2002), <u>superseded</u> <u>by</u> <u>statute</u> (effective January 1, 2009), or explain how she was discriminated against based on a disability.  She also did not state a claim under the Equal Pay Act because she did not allege that she received lower pay than a male employee for doing substantially the same work.  <u>See</u> <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 195 (1974); <u>Brobst v.</u> <u>Columbus Servs. Int'l</u>, 824 F.2d 271, 274 (3d Cir. 1987).

It is unclear if Wardlaw was also trying to raise a claim under the General Education Provisions Act by citing the section relating to its short title, applicability, and definitions (20 U.S.C. § 1221).  However, the law she cited is not related to the allegations in her complaint.  Although she listed the Pennsylvania Worker's Compensation Act, 77 P.S. § 1, *et seq.*, the exclusivity clause of that act bars civil actions and other provisions of that act set up the system for administering worker's compensation claims in Pennsylvania.  <u>See</u> 77 P.S. §§ 481, 710, 711, & 712.

Wardlaw also did not state a claim for negligent infliction of emotional distress. Under Pennsylvania law, "the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative."  <u>Toney v. Chester County Hosp</u>., 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008)

6

(citation omitted). Wardlaw did not allege a situation within those four scenarios; to the extent that she could have been implying that the City, as her employer, had a contractual or fiduciary duty toward her and negligently caused her emotional distress, her claim against the City was barred by the Pennsylvania Political Subdivision Tort Claims Act. See 42 P.S. § 8541, *et seq.*

Wardlaw's complaint also did not state a claim against the City under Title VII because she did not allege that she had satisfied a precondition to her suit – the prior submission of her claim to the EEOC. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). The District Court did not err in dismissing the complaint without prejudice to amendment once Wardlaw obtained a right-to-sue notice. In her reply brief, Wardlaw contends for the first time that she had a right-to-sue notice but that she never got the promised opportunity to amend her complaint. It appears that, after she filed her motion for reconsideration, Wardlaw did submit a "statement" (which she herself described as "unfinished" and which she did not serve on the City) to the District Court with exhibits that included a right-to-sue notice. However, she never brought the right-to-sue notice to the District Court's attention in an amended complaint (she did not even initially move for reconsideration on the basis of the notice). The District Court did not "go back" on something it promised her; Wardlaw did not go forward on her Title VII claim against the City.

Ultimately, the District Court also granted summary judgment on the ADEA claims. Without repeating the District Court's analysis, we rely on it and the evidence

7

presented with the City's motion for summary judgment to conclude that there would be little merit to an appeal of the judgment on the ADEA claim. Among other things, it does not appear that Wardlaw met her burden to show age discrimination was the but-for cause of the complained-of action. See Gross v. FBL Financial Services, 129 S. Ct. 2343 (2009); Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009) (explaining Gross).

For these reasons, we will affirm the District Court's judgment, and we deny Wardlaw's motion for the appointment of counsel. We also grant the City's motion to strike the pages of Wardlaw's supplemental appendix that were not included in the District Court record.[6]

---

[6]As we noted above, we also grant Wardlaw's motion to file her second supplemental brief.